### OLDHAM v. OFFICERS' CLUB OF FORT KNOX.

Court of Appeals of Kentucky.

Dec. 14, 1951.

Rehearing Denied Feb. 15, 1952.

W. C. Edrington, Louisville, for appellant.

E. R. Gentry, Louisville, Faurest & Montgomery, Elizabethtown (Crawford, Jull & Gentry, Louisville, on the brief), for appellee.

LATIMER, Justice.

The question presented here is whether or not the court properly sustained demurrer to appellant's petition.

On August 27, 1948 appellant, Hazel Oldham, while engaged in the course and scope of her employment as a hostess at the Officers' Club of Ft. Knox, sustained a fall which resulted in a spinal injury. Immediately thereafter she and appellee entered into an "open agreement" for payment of compensation at the rate of $21 per week for an indefinite and undetermined number of weeks. Payment was made in accordance with the agreement until the 18th day of February, 1949.

On February 1, 1950, pursuant to KRS 342.305, appellant filed this action seeking enforcement of the agreement. In her petition she pleaded the agreement, and further stated that same "was examined and approved by the Workmen's Compensation Board of Kentucky on the 27th day of October, 1948, and thereby became an

award of the Workmen's Compensation Board." She further stated that the award had not been appealed from by either party and was still in force and effect and that "plaintiff files herein a certified copy of the award of the Workmen's Compensation Board marked Exhibit A and makes same a part of these records." She then prayed judgment against the Officers' Club for compensation at the rate of $21 per week from the 18th day of February 1949 to date.

Officers' Club demurred generally to the petition and also filed answer.

Plaintiff demurred generally to this answer, relying on the provisions of KRS 342.305. The Officers' Club moved the court to permit it to withdraw its answer.

The court then considered the general demurrer to the petition and sustained same. The plaintiff having declined to plead further, the court ordered the action dismissed.

Appellant is here insisting that the court erred in sustaining the demurrer since this is an action for enforcement of an agreement or an award pursuant to KRS 342.305 and that it is mandatory the court render judgment as prayed.

We cannot conclude other than that the court took its action based upon the record which we have before us. True, the petition states that there was an agreement; that the agreement was examined and approved by the Workmen's Compensation Board, thereby becoming an award of the Board; and that a certified copy of the award is filed as an exhibit. However, no such certified copy is in this record.

We call attention to that portion of KRS 342.305 which provides: "Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal."

Such certified copy of the agreement or award must necessarily be in the record, otherwise there is no basis for a judgment

enforcing same. Whether or not a certified copy was filed and inadvertently omitted, we are unable to say. We can consider only that which the record shows.

The judgment is affirmed.